*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HUTCHISON, TANG, and LAWRENCE,
Appellate Military Judges

———————————————

## UNITED STATES
Appellee

**v.**

## William A. SHIELDS III
Aviation Boatswain's Mate (Equipment) Third Class (E-4),
U.S. Navy
Appellant

## No. 201600133

Decided: 14 June 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary upon further review. Military Judge: Commander Heather Partridge, USN. Sentence adjudged 11 December 2015 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of officer and enlisted members. Sentence approved by the convening authority following remand: no punishment.

For Appellant: Lieutenant R. Andrew Austria, JAGC, USNR.

For Appellee: Lieutenant George R. Lewis, JAGC, USN.

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

The appellant was originally convicted, contrary to his pleas, of two specifications of violating a general order—the Navy's sexual harassment regulation—and two specifications of abusive sexual contact, in violation of Articles

92 and 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 920 (2012).[1] The adjudged and approved sentence consisted of a bad-conduct discharge.

In *United States v. Shields*, 77 M.J. 621 (N-M. Ct. Crim. App. 2018), we set aside the guilty findings for both abusive sexual contact specifications and affirmed the appellant's convictions for violating the sexual harassment regulation. We also set aside the sentence and authorized a rehearing on the abusive sexual contact specifications and the sentence or on the sentence alone. The case was returned to the convening authority for action consistent with our opinion.

On 7 January 2019, the convening authority determined that a rehearing for findings on the abusive sexual contact specifications was impracticable and dismissed them without prejudice. Rather than order a rehearing on sentence for the sexual harassment specifications, in accordance with RULE FOR COURTS-MARTIAL 1107(e)(2)(C)(iii), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), the convening authority approved a sentence of no punishment.

The appellant once again raises an issue, which we considered in our previous opinion and ruled against him. Specifically, relying upon his original arguments before this court, he contends that the sexual harassment specifications failed to state an offense because the Navy's sexual harassment general order had been cancelled. For the reasons stated in our previous opinion, *see Shields*, 77 M.J. at 628-30, upon further review, and after careful consideration of the record, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] The members acquitted the appellant of an additional sexual harassment specification, and four additional abusive sexual contact specifications.